# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **GARY P. JAMERSON**<br>     **LA. DOC #431959**<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-1795**<br><br>**SECTION P** |
| **LOUISIANA DEPART OF PUBLIC**<br>**SAFETY AND CORRECTIONS,**<br>**ET AL.** | **JUDGE DONALD E. WALTER**<br><br>**MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Gary P. Jamerson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 6, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Plaintiff complains that the LDOC has erroneously applied Louisiana law with regard to diminution of sentence to deprive him of good time credits. He sued the LDOC and its Secretary, James LeBlanc. Plaintiff asks the Court to order the Department to recalculate his good time release date.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

On June 26, 2000, plaintiff was convicted of forcible rape following his guilty plea to that charge in Louisiana's First Judicial District Court, Caddo Parish. He was sentenced to serve forty years at hard labor.

On July 3, 2006, plaintiff filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. He argued that Act 1099 of the 1995 Louisiana Legislature was erroneously and retroactively applied by the LDOC in calculating his good time eligibility dates; that the language of La. R.S.15:832 is vague and ambiguous; and, given these discrepancies, he is entitled to the application of the rule of lenity with regard to the calculation of his sentence. On April 9, 2007, the petition was dismissed without prejudice based on plaintiff's failure to exhaust available state court remedies. [*Jamerson v. Warden, Louisiana State Penitentiary*, Civil Action No. 5:06-cv-1150 at Docs. 1 (petition), 8 (Report and Recommendation), and 10 (Judgment)]

Thereafter, plaintiff raised the sentence calculation claim in a petition for judicial review filed in the Nineteenth Judicial District, East Baton Rouge Parish. He appealed the dismissal of that petition to Louisiana's First Circuit Court of Appeals and on May 7, 2010 the district court's judgment was affirmed. In denying relief, the Court of Appeals observed,

> Plaintiff-appellant, Gary P. Jamerson, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals the district court judgment dismissing his petition for judicial review regarding good time credit. In his petition, plaintiff alleges that after he committed the offense of forcible rape in 1996, LSA-R.S. 15:571.3B was amended to require that inmates convicted of a crime of violence earn good time at the rate of three days credit for every seventeen days served. He contends that the effective date of the amendment was January 1, 1997, so he should therefore receive thirty days good time credit for every thirty days served.
>
> On August 19, 2009, the Commissioner issued a report and recommended that plaintiff's petition for judicial review be dismissed with prejudice. The Commissioner determined that the reduction in the rate of good time only affects plaintiff's opportunity for early release from physical custody and does not alter the length of the term imposed by the sentencing court or his full term release date. Therefore, it does not fall within the purview of the constitutional prohibition against the enactment of *ex post facto* laws. *See California Dept. of Corrections v. Morales*, 514 U.S. 499, 506, 115 S.Ct. 1597, 1602, 131 LEd.2d 588 (1995); *State ex rel. Olivieri v. State*, 00-0172, p. 13 (La.2/21/01), 779 So.2d 735, 743, *cert. denied*, 533

2

> U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001) and 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001). The Commissioner concluded that plaintiff failed to show that an *ex post facto* application of law occurred in this matter or that DPSC is precluded from awarding good time at a rate of three days credit for every seventeen days served. Following a *de novo* review, the district court adopted the Commissioner's report as its reasons in its September 16, 2009 judgment and dismissed plaintiff's request for judicial review with prejudice and at his costs.
>
> Finding that the Commissioner's report and the district court's judgment adequately explain our decision, we affirm the judgment of the district court through this summary disposition ...

*Jamerson v. LeBlanc*, 2009-2238 (La. App. 1 Cir. 5/7/2010), 39 So.3d 851 (Table), 2010 WL 1838898.

His subsequent application for writs was denied without comment by the Louisiana Supreme Court on September 23, 2011. *Jamerson v. LeBlanc*, 2010-1326 (La. 9/23/2011), 70 So.3d 801.

The instant complaint was filed on October 6, 2011. According to the complaint, plaintiff was convicted of forcible rape on June 26, 2000; however, the charging instrument alleged that the offense was committed "... between the dates of January 1, 1996 and December 31, 1998..." He claims that Good Time Act 138 (which provided for 30 days of good time for every 30 days served) was in effect from January 1, 1996 until December 31, 1996. Nevertheless, the LDOC has calculated his sentence pursuant to Act 1099 which provides for only 3 days good time credit for every 17 days served.[1] Plaintiff asked the court "... to make a decision based on the merits of the claim/argument

---

[1] Under Louisiana law, the computation of "good time" credit is set out in LSA–R.S. 15:571.3, which has been amended numerous times since its enactment. One of those amendments, 1991 La. Acts, No. 138, § 1 (Act 138), effective January 31, 1992, provided that prisoners could earn diminution of sentence, to be known as "good time," at the rate of thirty days of good time for each thirty days served in actual custody – or, day for day credit. A later amendment, 1995 La. Acts, No. 1099 (Act 1099), effective January 1, 1997, provided that an inmate convicted a first time of a crime of violence could earn diminution of sentence at a rate of three days for every seventeen days in actual custody. The Louisiana Supreme Court has determined that the date of the commission of the crime controls the computation of the

in light of all the facts in the record..."

## *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal, ___ U.S. ___*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound

---

diminution of sentence. *See State ex rel. Bickman v. Dees*, 367 So.2d 283, 287 (La.1978).

by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff's complaint adequately sets forth his claim for relief; further amendment is not necessary.

## 2. Ex Post Facto

Plaintiff asks the Court to order the LDOC to recalculate his eligibility for good time credits pursuant to the provisions of La. R.S.15:571.3 as that statute read prior to its amendment by Act 1099 of the 1995 Legislature. Plaintiff implies that, as applied to the circumstances of his case, the amended version of the statute operates as an *ex post facto* law which is prohibited by the Constitution of the United States.

An *ex post facto* violation occurs when the new law either: (1) punishes as a crime an act previously committed, which was innocent when done; (2) makes more burdensome the punishment for a crime, after its commission; or (3) deprives one charged with crime of any defense available according to a law at the time the act was committed. *Collins v. Youngblood*, 497 U.S. 37, 42, 110

S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990). In other words, a law violates the prohibition against *ex post facto* legislation if it is retrospective and increases the punishment attached to the crime. *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). Thus, if the new statute is applied retroactively, the existence of an *ex post facto* violation depends on whether the statute constitutes additional criminal punishment for the crimes previously committed. *Id.* at 30, 101 S.Ct. at 964. An amendment that results in the retroactive cancellation of earned good time credits would violate the *Ex Post Facto* Clause; however, an amendment that merely creates an opportunity for parole release would not. *See Lynce v. Mathis*, 519 U.S. 433, 446-449, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997).

In the instant case, there is no need to reach the issue of whether Act 1099 has been retroactively applied to add punishment. By plaintiff's own admission, the charging instrument used in the state prosecution alleged that the offense of conviction occurred "... between the dates of January 1, 1996 and December 31, 1998..." The amendments to the Louisiana good time law which were promulgated by Act 1099 made the new provisions effective on January 1, 1997 and specifically provided that these new provisions should apply "... only to person convicted of offenses on or after the effective date of [the] Act." See Act 1099, Sections 2 and 3.

Based upon the information provided by plaintiff, a series of crimes was committed both before and after the effective date of the amendment. Under Louisiana law, good time eligibility for offenses that occur over a range of time periods that go beyond January 1, 1997, is as provided by Act 1099. *See Wattigney v. LeBlanc*, 2010-2121 (La. App. 1 Cir. 5/6/2011), 66 So.3d 79 (Table), 2011 WL 2027909. Plaintiff pled guilty to one act of forcible rape occurring over a range of time periods that stretched beyond January 1, 1997. Under Louisiana law, the LDOC was required to

compute his good time eligibility as provided by Act 1099.  Plaintiff has not shown a violation of the Constitution or laws of the United States and therefore has failed to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, January 19, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE